UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

| | |
|---|---|
| Diversified Lenders, LLC, an Oklahoma limited liability company,<br><br>        Plaintiff,<br><br>    v.<br><br>Amazon Logistics, Inc., a Delaware corporation; Vertical Holdings Unlimited, LLC, a Florida limited liability company doing business as VHU Express,<br><br>        Defendants. | No. 8:16-cv-01058-VMC-MAP<br><br>DEFENDANT AND CROSS-CLAIMANT AMAZON LOGISTICS, INC.'S ANSWER, DEFENSES, AND CROSS-CLAIM |
| Amazon Logistics, Inc., Cross-Claim Plaintiff,<br><br>    v.<br><br>Vertical Holdings Unlimited, LLC, Cross-Claim Defendant. | |

      Defendant Amazon Logistics, Inc. ("Amazon" or "Defendant") by and through its counsel of record, answers Plaintiff Diversified Lenders, LLC's Complaint ("Complaint"), and asserts cross-claims against Defendant/Cross-Claim Defendant Vertical Holdings Unlimited, LLC ("VHU") as follows:

## JURISDICTION

      1.    Amazon admits that it is a corporation incorporated in Delaware with its primary place of business in Seattle, Washington. While not disputing the Court's diversity jurisdiction under 28 U.S.C. § 1332(a), Amazon lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in this paragraph, and therefore denies the same. Amazon affirmatively states that under the express terms of the Delivery Provider Terms of Service between Amazon and VHU, VHU agreed to submit to venue and exclusive

ANSWER, DEFENSES, AND CROSS-CLAIM
(USDC MD FL Case No. 8:16-cv-01058-VMC-MAP) - 1

jurisdiction in the federal and state courts in King County, Washington. Amazon further affirmatively states that under UCC § 9-404(a)(1) and (2) and subsection (b), the rights of Diversified as purported assignee are subject to all terms of the Delivery Provider Terms of Service between Amazon and VHU, including agreement to venue and exclusive jurisdiction in Washington.

2. While not disputing the Court's jurisdiction under 28 U.S.C. § 1332(a), Amazon admits that, on information and belief, the amount in controversy exceeds $75,000.

3. Amazon lacks knowledge or information of the claims over which Plaintiff asserts the Court has supplemental jurisdiction, and therefore denies the same.

**VENUE**

4. Amazon admits that as between Diversified and VHU, venue is proper under 28 U.S.C. § 1391(b)(1) because, on information and belief, VHU is a Florida company. Amazon further admits that it entered into the Delivery Provider Terms of Service with VHU. Amazon affirmatively states, however, that under the express terms of the Delivery Provider Terms of Service, VHU agreed to submit to venue and exclusive jurisdiction in the federal and state courts in King County, Washington. Amazon further affirmatively states that under UCC § 9-404(a)(1) and (2) and subsection (b), the rights of Diversified as purported assignee are subject to all terms of the Delivery Provider Terms of Service between Amazon and VHU, including agreement to venue and exclusive jurisdiction in Washington. Amazon further affirmatively states that it intends to move to transfer venue to the W.D. Washington. Amazon denies all remaining allegations contained in Paragraph 4 of the Complaint.

5. Amazon lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in this paragraph, and therefore denies the same.

6. Amazon admits that it is a Delaware company with its primary place of business in Seattle, Washington. The second sentence of paragraph 6 is a legal conclusion to which no response is required. To the extent a response is required, Amazon denies the same.

ANSWER, DEFENSES, AND CROSS-CLAIM
(USDC MD FL Case No. 8:16-cv-01058-VMC-MAP) - 2

7. Amazon lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in this paragraph, and therefore denies the same.

8. Amazon denies the allegations set forth in this paragraph.

**COUNT I - AMAZON'S ALLEGED BREACH OF STATUTORY DUTY**

To the extent the introductory sentence to Plaintiff's assertion of Count I contains a legal conclusion or requires any response, Amazon denies the same.

9. Amazon incorporates all preceding paragraphs by reference.

10. Amazon admits that Diversified has presented the Loan Documents described in this paragraph which speak for themselves. To the extent that the allegations set forth in paragraph 10 are legal conclusions, Amazon denies the same. Amazon lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in this paragraph, and therefore denies the same.

11. Amazon admits that Diversified attached a document addressed generically to "Controller/Manager" and dated April 28, 2015, as Exhibit 1 to the Complaint, which speaks for itself, but affirmatively states that Amazon has no record of receiving the document. Amazon lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in this paragraph, and therefore denies the same.

12. Amazon admits that Diversified attached a document addressed generically to "Controller/Manager" and dated September 30, 2015, as Exhibit 2 to the Complaint, which speaks for itself, but affirmatively states that Amazon has no record of receiving the document. Amazon lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in this paragraph, and therefore denies the same.

13. The allegations contained in paragraph 13 are legal conclusions to which no response is required. To the extent a response is required, Amazon denies the same. Amazon denies that the invoices alleged are legitimate or accurate. Amazon lacks knowledge or

information sufficient to form a belief as to the truth of the remaining allegations set forth in this paragraph, and therefore denies the same.

14. Amazon denies the allegations set forth in this paragraph.

15. The allegations contained in paragraph 13 are legal conclusions to which no response is required. To the extent a response is required, Amazon denies the same.

16. The allegations contained in paragraph 13 are legal conclusions to which no response is required. To the extent a response is required, Amazon denies the same. Amazon lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in this paragraph, and therefore denies the same.

17. Amazon denies the allegations set forth in this paragraph.

18. Amazon denies the allegations set forth in this paragraph.

To the extent the conclusory sentence to Plaintiff's Count I contains a legal conclusion or requires any response, Amazon denies the same.

## COUNT II - VHU'S ALLEGED BREACH OF CONTRACT

19. Amazon incorporates all preceding paragraphs by reference.

20. Amazon lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in this paragraph, and therefore denies the same.

21. Amazon lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in this paragraph, and therefore denies the same.

22. Amazon lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in this paragraph, and therefore denies the same.

23. Amazon lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in this paragraph, and therefore denies the same.

24. Amazon lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in this paragraph, and therefore denies the same.

# AFFIRMATIVE AND ADDITIONAL DEFENSES

1. Diversified fails to state a claim against Amazon upon which relief may be granted.

2. To the extent Diversified seeks damages for amounts not due or owing to VHU in the first instance, or damages for amounts already paid to VHU or others on behalf of VHU, such damages are barred.

3. To the extent Diversified suffered any damages, such damages are barred or should be offset by the amounts Amazon paid to Diversified.

4. To the extent Diversified suffered any damages, such damages are barred or should be offset by the amounts Amazon paid to the State of Florida, the State of Massachusetts, or individuals, to address claims against VHU. With respect to claims for unpaid wages asserted by VHU employees, as between Amazon and VHU, VHU is contractually responsible to pay all such claims in full.

5. Under UCC § 9-404(a)(1) and (2) and subsection (b), the rights of Diversified as purported assignee are subject to all terms of the Delivery Provider Terms of Service between Amazon and VHU. As such:

    a. Venue as to Diversified's claims against Amazon should be transferred to the U.S. District Court for the W.D. Washington.

    b. Diversified's claims are barred, in whole or in part, by VHU's failure to obtain Amazon's prior written consent before purportedly assigning its rights or obligations under VHU's Delivery Provider Terms of Service and any Work Orders.

    c. To the extent the alleged damages asserted by Diversified accrued before assignment, if any, Diversified's claims against Amazon are precluded.

6. To the extent Diversified suffered any damages, such damages are barred or limited by its failure to mitigate.

Amazon reserves the right to assert additional and revised defenses discovered during the pendency of this action.

## AMAZON'S CROSS-CLAIMS

COMES NOW Amazon and alleges as follows against Cross-Claim Defendant Vertical Holdings Unlimited, LLC d/b/a VHU Express ("VHU"):

1. Amazon incorporates preceding paragraphs by reference.

2. Amazon is a Delaware corporation with its primary place of business in Seattle, Washington.

3. On information and belief, VHU is a Florida limited liability company with its primary place of business in Florida.

4. Amazon entered into the Delivery Provider Terms of Service with VHU on or about March 9, 2015.

5. Under the Delivery Provider Terms of Service, VHU waived all objections to venue and jurisdiction and consented to venue and exclusive jurisdiction of Washington courts for any disputes arising out of or relating to the Delivery Provider Terms of Service, any Work Order or Services, as defined by the Terms of Service. Venue is thus proper in the U.S. District Court for the Western District of Washington. Amazon intends to move to transfer venue to the W.D. Washington.

6. Consistent with the Delivery Provider Terms of Service and applicable Work Orders and invoices, Amazon made payments to VHU for services provided.

7. In or around March 2016, Amazon exercised its right to offset payments otherwise due to VHU by making payments to the State of Florida Department of Labor, the Attorney General for the State of Massachusetts, and individuals to address claims against VHU.

## DECLARATORY JUDGMENT

8. Amazon incorporates by reference all preceding paragraphs.

9. The Delivery Provider Terms of Service provide that VHU is required to defend, indemnify, and hold harmless Amazon from any third-party allegation or claim based on any "loss, damage, settlement, cost, expense and any other liability" arising out of or in connection with VHU's alleged misconduct, breach of the Delivery Provider Terms of Service, or any allegation or claim that VHU failed to comply with applicable Law.

10. Diversified's claim against Amazon arises from VHU's apparent misrepresentations and breach of its obligations to Diversified. Diversified's claim against Amazon is subject to defense and indemnification by VHU.

11. Amazon notified VHU of its demand for defense and indemnification.

12. There is a dispute between Amazon and VHU as to whether VHU is required to defend and indemnify Amazon against Diversified's claims. Amazon seeks a declaratory judgment that VHU is required to defend and indemnify Amazon against all claims asserted by Diversified in this action.

## LIABILITY OF VHU UNDER CONTRACT AND UNIFORM COMMERCIAL CODE

13. Amazon incorporates by reference all preceding paragraphs.

14. Under the Delivery Provider Terms of Service and UCC § 9-404(a)(1) and (2) and subsection (b), VHU is liable to Diversified for any and all payments made by Amazon to VHU or on VHU's behalf. With respect to claims for unpaid wages asserted by VHU employees, as between Amazon and VHU, VHU is contractually responsible to pay all such claims in full. Amazon is entitled to recoup any amounts, claimed against Amazon, that VHU was required to pay VHU employees.

# PRAYER FOR RELIEF

Wherefore Amazon requests judgment on its cross-claim and seeks relief against Plaintiff as follows:

A. Judgment in Amazon's favor on Plaintiff's claims and against Cross-Claim Defendant VHU on Amazon's cross-claims;

B. Attorney's fees and costs, to the extent recoverable; and

C. Any other relief that the Court finds just and proper.


Date: June 13, 2016

Respectfully Submitted,

/s/   Beth-Ann E. Krimsky
Beth-Ann E. Krimsky
Fla. Bar No. 968412
Lawren Zann
Fla. Bar No. 42997
GREENSPOON MARDER, P.A.
200 East Broward Blvd, Suite 1800
Fort Lauderdale, FL 33309
Tel: (954) 527-2427
Fax: (954) 333-4027
beth-ann.krimsky@gmlaw.com
lawren.zann@gmlaw.com


Vanessa S. Power
*Admitted Pro Hac Vice*
STOEL RIVES LLP
600 University Street, Suite 3600
Seattle, WA 98101
Tel: (206) 386-7553
Fax: (206) 386-7500
vanessa.power@gmlaw.com

*Attorneys for Defendant Amazon Logistics, Inc.*

## CERTIFICATE OF SERVICE

WE HEREBY CERTIFY that on June 13, 2016, we electronically filed the foregoing Defendant and Cross-Claimant Amazon Logistics, Inc.'s Answer, Defenses, and Cross-Claim via transmission of Notice of Electronic Filing generated by CM/ECF.

/s/ Beth-Ann E. Krimsky
Beth-Ann E. Krimsky