UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| Diversified Lenders, LLC, an Oklahoma limited liability company,<br><br>Plaintiff,<br><br>v.<br><br>Amazon Logistics, Inc., a Delaware corporation; Vertical Holdings Unlimited, LLC, a Florida limited liability company doing business as VHU Express,<br><br>Defendants. | No. 2:16-cv-01232-RSL<br><br>STIPULATED PROTECTIVE ORDER |
| Amazon Logistics, Inc., Cross-Claim Plaintiff,<br><br>v.<br><br>Vertical Holdings Unlimited, LLC, Cross-Claim Defendant. | |

1.  PURPOSES AND LIMITATIONS

Discovery in this action is likely to involve production of confidential, proprietary, or private information for which special protection may be warranted. Accordingly, Plaintiff Diversified Lenders, LLC ("Diversified") and Defendant Amazon Logistics, Inc. ("Amazon")

STIPULATED PROTECTIVE ORDER - 1

1  (each a "Party" and collectively, the "Parties") hereby stipulate to and petition the court to enter the following Stipulated Protective Order. The Parties acknowledge that this Stipulated Protective Order is consistent with LCR 26(c). It does not confer blanket protection on all disclosures or responses to discovery, the protection it affords from public disclosure and use extends only to the limited information or items that are entitled to confidential treatment under the applicable legal principles, and it does not presumptively entitle parties to file confidential information under seal.

2. "CONFIDENTIAL" MATERIAL

"Confidential" material shall include the following documents and tangible things produced or otherwise exchanged: documents or things constituting or containing either Party's trade secrets, confidential information, financial information, proprietary information, and/or personal information of either Party or its agents or employees.

3. SCOPE

The protections conferred by this Stipulated Protective Order cover not only confidential material (as defined above), but also (1) any information copied or extracted from confidential material; (2) all copies, excerpts, summaries, or compilations of confidential material; and (3) any testimony, conversations, or presentations by Parties or their counsel that might reveal confidential material. However, the protections conferred by this Stipulated Protective Order do not cover information that is in the public domain or becomes part of the public domain through trial or otherwise.

4. ACCESS TO AND USE OF CONFIDENTIAL MATERIAL

4.1 Basic Principles. A receiving party may use confidential material that is disclosed or produced by another party or by a non-party in connection with this case only for prosecuting, defending, or attempting to settle this litigation. Confidential material may be disclosed only to the categories of persons and under the conditions described in this Stipulated Protective Order. Confidential material must be stored and maintained by a receiving party at a location and in a

STIPULATED PROTECTIVE ORDER - 2

1  secure manner that ensures that access is limited to the persons authorized under this Stipulated
2  Protective Order.

3      4.2    <u>Disclosure of "CONFIDENTIAL" Information or Items</u>. Unless otherwise
4  ordered by the court or permitted in writing by the designating party, a receiving party may
5  disclose any confidential material only to:

6      (a)    the receiving party's counsel of record in this action, as well as employees
7  of counsel to whom it is reasonably necessary to disclose the information for this litigation;

8      (b)    the officers, directors, and employees (including in house counsel) of the
9  receiving party to whom disclosure is reasonably necessary for this litigation, unless the Parties
10 agree that a particular document or material produced is for Attorney's Eyes Only and is so
11 designated;

12     (c)    experts and consultants to whom disclosure is reasonably necessary for
13 this litigation and who have signed the "Acknowledgment and Agreement to Be Bound"
14 (Exhibit A);

15     (d)    the court, court personnel, and court reporters and their staff;

16     (e)    copy or imaging services retained by counsel to assist in the duplication of
17 confidential material, provided that counsel for the party retaining the copy or imaging service
18 instructs the service not to disclose any confidential material to third parties and to immediately
19 return all originals and copies of any confidential material;

20     (f)    during their depositions, witnesses in the action to whom disclosure is
21 reasonably necessary and who have signed the "Acknowledgment and Agreement to Be Bound"
22 (Exhibit A), unless otherwise agreed by the designating party or ordered by the court. Court
23 reporters and their staff, to whom disclosure is necessary for this litigation. Pages of transcribed
24 deposition testimony or exhibits to depositions that reveal confidential material must be
25 separately bound by the court reporter and may not be disclosed to anyone except as permitted
26 under this Stipulated Protective Order;

STIPULATED PROTECTIVE ORDER - 3

1    (g)    the author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information;

   (h)    Any person designated by this Court in the interest of justice, upon such terms as the court may deem proper;

   (i)    Subject to the Federal Rules of Evidence, the Federal Rules of Civil Procedure and applicable Local Rules, materials designated as "Confidential" pursuant to this Stipulated Protective Order may be offered into evidence at trial or other court proceedings, provided that the proponent of the evidence gives reasonable notice to counsel for the party or other person that designated the information as confidential, provided, however, that no party shall be required to disclose exhibits or other evidence until required pursuant to the applicable Rules of Court and Court orders. A party's failure to give reasonable notice to the other party as described in the preceding sentence shall in no way adversely impact the admissibility, relevancy or competency of the materials designated as "Confidential," or constitute a waiver or an estoppel of the party's right to offer such materials designated as "Confidential" into evidence. Any party may move the Court for an order that the evidence be received in camera or under other conditions to prevent unnecessary disclosures. Notwithstanding the foregoing, any party may use Confidential material at any Court hearing without the need to move for an order for the material to be received in camera or under seal, provided that the Confidential material will not be filed in the Court record. Prior to trial of the action, counsel for the Parties shall attempt to reach an agreement on the handling of "Confidential" documents and/or information at trial, and may submit such agreement to the Court and if no agreement can be reached, may submit proposals for how to treat confidential information to the Court for consideration.

   4.3    Filing Confidential Material. Before filing confidential material or discussing or referencing such material in court filings, the filing party shall confer with the designating party to determine whether the designating party will remove the confidential designation, whether the document can be redacted, or whether a motion to seal or stipulation and proposed order is

STIPULATED PROTECTIVE ORDER - 4

1  warranted. Local Civil Rule 5(g) sets forth the procedures that must be followed and the
2  standards that will be applied when a party seeks permission from the court to file material under
3  seal.

4  5.  DESIGNATING PROTECTED MATERIAL

5    5.1  Exercise of Restraint and Care in Designating Material for Protection. Each party
6  or non-party that designates information or items for protection under this Stipulated Protective
7  Order must take care to limit any such designation to specific material that qualifies under the
8  appropriate standards. The designating party must designate for protection only those parts of
9  material, documents, items, or oral or written communications that qualify, so that other portions
10 of the material, documents, items, or communications for which protection is not warranted are
11 not swept unjustifiably within the ambit of this Stipulated Protective Order.

12   Mass, indiscriminate, or routinized designations are prohibited. Designations that are
13 shown to be clearly unjustified or that have been made for an improper purpose (*e.g.*, to
14 unnecessarily encumber or delay the case development process or to impose unnecessary
15 expenses and burdens on other parties) expose the designating party to sanctions.

16   If it comes to a designating party's attention that information or items that it designated
17 for protection do not qualify for protection, the designating party must promptly notify all other
18 parties that it is withdrawing the mistaken designation.

19   5.2  Manner and Timing of Designations. Except as otherwise provided in this
20 Stipulated Protective Order (see, *e.g.*, second paragraph of section 5.2(a) below), or as otherwise
21 stipulated or ordered, disclosure or discovery material that qualifies for protection under this
22 Stipulated Protective Order must be clearly so designated before or when the material is
23 disclosed or produced.

24    (a)  Information in documentary form: (*e.g.*, paper or electronic documents
25 and deposition exhibits, but excluding transcripts of depositions or other pretrial or trial
26 proceedings), the designating party must affix the word "CONFIDENTIAL" to each page that

STIPULATED PROTECTIVE ORDER - 5

1 contains confidential material. If only a portion or portions of the material on a page qualifies for
2 protection, the producing party also must clearly identify the protected portion(s) (*e.g.*, by
3 making appropriate markings in the margins).

4     (b) Testimony given in deposition or in other pretrial ~~or trial~~ proceedings: the
5 Parties must identify on the record, during the deposition, hearing, or other proceeding, all
6 protected testimony, without prejudice to their right to so designate other testimony after
7 reviewing the transcript. Any party or non-party may, within thirty days after receiving a
8 deposition transcript, but no later than fifteen (15) days before the dispositive motion deadline or
9 trial, designate portions of the transcript, or exhibits thereto, as confidential.

10     (c) Other tangible items: the producing party must affix in a prominent place
11 on the exterior of the container or containers in which the information or item is stored the word
12 "CONFIDENTIAL." If only a portion or portions of the information or item warrant protection,
13 the producing party, to the extent practicable, shall identify the protected portion(s).

14     5.3   <u>Inadvertent Failures to Designate</u>. If timely corrected, an inadvertent failure to
15 designate qualified information or items does not, standing alone, waive the designating party's
16 right to secure protection under this Stipulated Protective Order for such material. Upon timely
17 correction of a designation, the receiving party must make reasonable efforts to ensure that the
18 material is treated in accordance with the provisions of this Stipulated Protective Order.

19 6.   <u>CHALLENGING CONFIDENTIALITY DESIGNATIONS</u>

20     6.1   <u>Timing of Challenges</u>. Any party or non-party may challenge a designation of
21 confidentiality at any time. Unless a prompt challenge to a designating party's confidentiality
22 designation is necessary to avoid foreseeable, substantial unfairness, unnecessary economic
23 burdens, or a significant disruption or delay of the litigation, a party does not waive its right to
24 challenge a confidentiality designation by electing not to mount a challenge promptly after the
25 original designation is disclosed.

26     6.2   <u>Meet and Confer</u>. The Parties must make every attempt to resolve any dispute

STIPULATED PROTECTIVE ORDER - 6

regarding confidential designations without court involvement, including any matter that a party may consider confidential and subject to protection under Fed. R. Civ. P. 26(c)(1)(G). Any motion regarding confidential designations or for a protective order must include a certification, in the motion or in a declaration or affidavit, that the movant has engaged in a good faith meet and confer conference with other affected parties in an effort to resolve the dispute without court action. The certification must list the date, manner, and participants to the conference. A good faith effort to confer requires a face-to-face meeting or a telephone conference.

    6.3    <u>Judicial Intervention</u>. If the Parties cannot resolve a challenge without court intervention, the designating party may file and serve a motion to retain confidentiality under Local Civil Rule 7 (and in compliance with Local Civil Rule 5(g), if applicable). The burden of persuasion in any such motion shall be on the designating party. Frivolous challenges, and those made for an improper purpose (*e.g.*, to harass or impose unnecessary expenses and burdens on other parties) may expose the challenging party to sanctions. All Parties shall continue to maintain the material in question as confidential until the court rules on the challenge.

7. <u>PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION</u>

If a party is served with a subpoena or a court order issued in other litigation that compels disclosure of any information or items designated in this action as "CONFIDENTIAL," that party must:

    (a)    promptly notify the designating party in writing and include a copy of the subpoena or court order;

    (b)    promptly notify in writing the party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is subject to this Stipulated Protective Order. Such notification shall include a copy of this Stipulated Protective Order; and

STIPULATED PROTECTIVE ORDER - 7

1  (c) cooperate with respect to all reasonable procedures sought to be pursued by the designating party whose confidential material may be affected.

8. UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL

If a receiving party learns that, by inadvertence or otherwise, it has disclosed confidential material to any person or in any circumstance not authorized under this Stipulated Protective Order, the receiving party must immediately (a) notify in writing the designating party of the unauthorized disclosures, (b) use its best efforts to retrieve all unauthorized copies of the protected material, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Stipulated Protective Order, and (d) request that such person or persons execute the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A.

9. INADVERTENT PRODUCTION OF PRIVILEGED OR OTHERWISE PROTECTED MATERIAL

When a producing party gives notice to receiving parties that certain inadvertently produced material is subject to a claim of privilege or other protection, the obligations of the receiving parties are those set forth in Federal Rule of Civil Procedure 26(b)(5)(B). This provision is not intended to modify whatever procedure may be established in an e-discovery order or agreement that provides for production without prior privilege review. Parties shall confer on an appropriate non-waiver order under Fed. R. Evid. 502.

10. NON TERMINATION AND RETURN OF DOCUMENTS

Within 60 days after the termination of this action, including all appeals, each receiving party must return all confidential material to the producing party, including all copies, extracts and summaries thereof. Alternatively, the Parties may agree upon appropriate methods of destruction.

Notwithstanding this provision, counsel are entitled to retain one archival copy of all documents filed with the court, trial, deposition, and hearing transcripts, correspondence,

STIPULATED PROTECTIVE ORDER - 8

1  deposition and trial exhibits, expert reports, attorney work product, and consultant and expert
2  work product, even if such materials contain confidential material.
3     The confidentiality obligations imposed by this Stipulated Protective Order shall remain
4  in effect until a designating party agrees otherwise in writing or a court orders otherwise.
5     IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.

DATED: 1-18-2017          /s/ Joclyne A. Macelloni
                          Michael W. Ullman
                          Jocelyne A. Macelloni
                          Jared A. Ullman
                          Ullman & Ullman, P.A.
                          7700 W. Camino Real, Suite 401
                          Boca Raton, FL 33433
                          Phone: 561-338-3535

                          *Attorneys for Plaintiff, pro hac vice*

DATED: 1-18-2017          /s/ Reed W. Morgan
                          Vanessa S. Power (WSBA No. 30777)
                          Reed W. Morgan, *pro hac vice*
                          STOEL RIVES LLP
                          600 University Street, Suite 3600
                          Seattle, WA 98101
                          Tel: (206) 386-7553
                          Fax: (206) 386-7500

                          *Attorneys for Defendant Amazon Logistics, Inc.*

PURSUANT TO STIPULATION, IT IS SO ORDERED.

DATED: Jan. 25, 2017          /s/ Robert S. Lasnik
                              Robert S. Lasnik
                              United States District Judge

STIPULATED PROTECTIVE ORDER - 9

# EXHIBIT A

## ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

I, [print or type full name], of [print or type full address], declare under penalty of perjury that I have read in its entirety and understand the Stipulated Protective Order that was issued by the United States District Court for the Western District of Washington on [date] in the case of **Diversified Lenders, LLC v. Amazon Logistics, Inc., et al., Case 2:16-cv-01232-RSL**, I agree to comply with and to be bound by all the terms of this Stipulated Protective Order and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt. I solemnly promise that I will not disclose in any manner any information or item that is subject to this Stipulated Protective Order to any person or entity except in strict compliance with the provisions of this Order.

I further agree to submit to the jurisdiction of the United States District Court for the Western District of Washington for the purpose of enforcing the terms of this Stipulated Protective Order, even if such enforcement proceedings occur after termination of this action.

Date:_____

City and State where sworn and signed: _____

Printed name: _____

Signature: _____

EXHIBIT A TO STIPULATED PROTECTIVE ORDER - 1