UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| DIVERSIFIED LENDERS, LLC,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>AMAZON LOGISTICS, INC., and<br>VERTICAL HOLDINGS UNLIMITED,<br>LLC,<br><br>　　　　　Defendants. | Cause No. C16-1232RSL<br><br>ORDER COMPELLING<br>PRODUCTION |
| AMAZON LOGISTICS, INC.,<br><br>　　　　　Cross-Claim Plaintiff,<br><br>　　v.<br><br>VERTICAL HOLDINGS UNLIMITED,<br>LLC,<br><br>　　　　　Cross-Claim Defendant. | |

　　　This matter comes before the Court on the "LCR 37 Joint Submission Regarding Amazon Logistics, Inc.'s Request to Compel Production." Defendant Vertical Holdings Unlimited, LLC ("VHU") provided delivery services for defendant Amazon Logistics, Inc., beginning in March 2015. Shortly thereafter, plaintiff Diversified Lenders, LLC, notified Amazon that all of VHU's accounts had been sold or assigned to Diversified and that all payments thereon should be made

ORDER COMPELLING PRODUCTION

exclusively to Diversified. Amazon paid Diversified approximately $3,000,000 under the notice of assignment, but ultimately terminated its contract with VHU. Amazon asserts that VHU failed to pay its employees: the remaining funds that Amazon still owed VHU were therefore paid to VHU's employees and applicable state labor departments. Diversified alleges that there are sixty-seven outstanding invoices for transportation services provided by VHU and seeks more than $1.7 million from Amazon. Dkt. # 1 at ¶ 13.[1] Amazon denies that the invoices are legitimate or accurate. Dkt. # 23 at ¶ 13.

Having reviewed the parties' joint submission and the remainder of the record, the Court finds as follows:

**A. Request for Production No. 2**

Amazon seeks to compel production of records sufficient to establish all payments made by Amazon to Diversified related to services provided by VHU. Diversified objects that it would be burdensome to have to produce payment receipts that are already in Amazon's possession. In response, Amazon points out that there is a dispute regarding the number of outstanding invoices and the amount owed thereon and indicates that it is willing to accept compilations or summary documents that reflect the payments. The Court finds that payment information is relevant in that it will help establish the amount actually due and owing under the notice of assignment. Diversified may choose to produce responsive information in whatever form is least burdensome to it. The relevance, undue burden, and proportionality objections are overruled.

Diversified's belated assertions of an accountant-client and work-product privilege are unpersuasive. Even if certain compilations or representations of the underlying data are subject to a privilege (a fact which the Court will not presume in light of indications that Diversified

---

[1] In its motion for a protective order, Diversified states that there are "more than 50 accounts" outstanding. Dkt. # 63 at 2-3.

ORDER COMPELLING PRODUCTION         -2-

shared the information with VHU), Diversified has not explained why the underlying invoices, bank records, or other business documents should be withheld from discovery. Amazon was willing to accept secondary sources of the requested information to accommodate Diversified's insistence that the production of actual business records would be unduly burdensome. Diversified cannot object to the production of the underlying documents and then refuse to produce summary records based on an unsupported claim of privilege.

**B. Request for Production No. 4**

Amazon seeks production of all communications between Diversified and VHU regarding the outstanding invoices. Diversified initially refused to produce admittedly relevant documents on the ground that many of the email communications with VHU also discuss matters other than the outstanding invoices. Unless the extraneous matter is privileged (in which case a privilege log and redactions would be necessary), the fact that a document contains responsive and non-responsive information does not make it non-discoverable.

In the joint submission, Diversified represents that it has produced all responsive communications except for certain attachments. Dkt. # 65 at 19. To the extent the attachments consist of accounting records and/or invoices, payment information is relevant in that it will help establish the amount actually due and owing under the notice of assignment. Diversified has not shown that a privilege applies, nor has it produced a privilege log. Diversified also argues that information regarding the assignor/assignee relationship between it and VHU is irrelevant, but it does not appear that any communication or attachment has been withheld solely on this ground.[2] As discussed above, the fact that a document contains responsive and non-responsive information does not make it non-discoverable.

---

[2] RFP No. 4 seeks communications related to the outstanding invoices. A document that concerns only the underlying assignment would not be responsive.

ORDER COMPELLING PRODUCTION        -3-

**C. Request for Production No. 6**

Amazon seeks production of all communications between Diversified and VHU after the complaint was filed on April 29, 2016. Diversified objects on grounds of overbreadth, undue burden, and relevance. The undue burden objection is unsupported. RFP No. 6 is fairly narrow in both scope and time period, seeking communications with a single client over eleven months, and Diversified makes no effort to show that collecting responsive documents would be difficult or expensive. The overbreadth and relevance objections are based on the assertion that not every communication between Diversified and VHU during those eleven months is relevant to the claims or defenses in this litigation. Amazon wants to assure itself that Diversified has not obtained satisfaction of any part of the alleged liability from its co-defendant, VHU. While Diversified undoubtedly has the right to sue both Amazon and VHU to collect the amounts at issue in this litigation, it offers no theory under which it would be entitled to a double recovery. Diversified shall, therefore, produce all communications between it and VHU after April 29, 2016, related to any payments made by VHU to Diversified.

Amazon has not, however, shown that it is entitled to "know the scope of collaboration" between Diversified and VHU in this action. Whether Diversified and VHU are nominally or actually adverse to each other does not impact any claim or defense. Amazon does not have a right to broad ranging discovery regarding their relationship or the way in which they choose to protect their respective interests in this litigation.

//

For all of the foregoing reasons, Amazon's request for an order compelling production is GRANTED in part. Diversified shall produce records sufficient to establish all payments made by Amazon to Diversified related to services provided by VHU (RFP No. 2), all communications

ORDER COMPELLING PRODUCTION                    -4-

between Diversified and VHU regarding the outstanding invoices, including all attachments (RFP No. 4), and all communications between Diversified and VHU after April 29, 2016, related to any payments made by VHU to Diversified (RFP No. 6).

Dated this 23rd day of March, 2017.

*Robert S. Lasnik*
Robert S. Lasnik
United States District Judge

ORDER COMPELLING PRODUCTION            -5-