UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| DIVERSIFIED LENDERS, LLC,<br><br>    Plaintiff,<br><br>    v.<br><br>AMAZON LOGISTICS, INC., and VERTICAL HOLDINGS UNLIMITED, LLC,<br><br>    Defendants. | Cause No. C16-1232RSL<br><br>ORDER GRANTING IN PART MOTION FOR PROTECTIVE ORDER |
| AMAZON LOGISTICS, INC.,<br><br>    Cross-Claim Plaintiff,<br><br>    v.<br><br>VERTICAL HOLDINGS UNLIMITED, LLC,<br><br>    Cross-Claim Defendant. | |

This matter comes before the Court on "Plaintiff Diversified Lenders, LLC's Motion for Protective Order." Dkt. # 63. On March 3, 2017, defendant Amazon Logistics, Inc., issued a discovery subpoena to defendant Vertical Holdings Unlimited, LLC ("VHU"). Because VHU has not appeared in this action and a default has been entered against it, the subpoena was issued under Fed. R. Civ. P. 45. Diversified filed this motion for protective order under Fed. R. Civ. P.

ORDER GRANTING IN PART MOTION
FOR PROTECTIVE ORDER

26(c).

"[T]ypically only the recipient of a subpoena has standing to assert objections . . . ." Cabell v. Zorro Prods., Inc., 294 F.R.D. 604, 607 (W.D. Wash. 2013). Nevertheless, a party may seek to quash third-party discovery requests where its own interests are implicated. Uhler v. Van Cleave, 2017 WL 553276, at *6 (W.D. Wash. Feb. 10, 2017). In this case, Diversified has not shown that the subpoena seeks information that is confidential or otherwise protectable (Cabell, 294 F.R.D. at 608), that it has "a personal right or privilege with respect to the documents requested" (Uhler, 2017 WL 553276, at *6), or that it has an expectation of privacy in its business transactions with another corporation (Auto-Owners Ins. Co. v. Se. Floating Docks, Inc., 231 F.R.D. 426, 429 (M.D. Fla. 2005)). Although an order quashing the subpoena is not appropriate, courts generally permit a party to challenge the relevance of third-party discovery requests by seeking a protective order under Fed. R. Civ. P. 26(c). See In re REMEC, Inc. Securities Litig., 2008 WL 2282647, at * 1 (S.D. Cal. May 30, 2008).

This dispute arises out of the following facts: VHU provided delivery services for Amazon beginning in March 2015. Shortly thereafter, Diversified notified Amazon that all of VHU's accounts had been sold or assigned to Diversified and that all payments thereon should be made exclusively to Diversified. Amazon paid Diversified approximately $3,000,000 under the notice of assignment, but ultimately terminated its contract with VHU. Amazon asserts that VHU failed to pay its employees: the remaining funds that Amazon still owed VHU were therefore paid to VHU's employees and applicable state labor departments. Diversified alleges that there are more than fifty outstanding invoices for transportation services provided by VHU and seeks more than $1.7 million from Amazon. Dkt. # 1 at ¶ 13. Amazon denies that the invoices are legitimate or accurate (Dkt. # 23 at ¶ 13) and seeks discovery from VHU in an

ORDER GRANTING IN PART MOTION
FOR PROTECTIVE ORDER                              -2-

attempt to quantify Diversified's losses. Diversified argues that the requests for communications between VHU and Diversified after this lawsuit was filed, records showing transfers of funds between VHU and Diversified related to Amazon invoices, and documents detailing amounts Diversified has recovered from any source related to the Amazon invoices are overbroad and irrelevant.

Having reviewed the memoranda, declarations, and exhibits submitted by the parties, the Court finds as follows:

**A. Document Request No. 2**

Amazon seeks "all communications between VHU and Diversified, or any agents for VHU or Diversified, since April 29, 2016," the date on which this lawsuit was filed. For the reasons stated in the "Order Compelling Production," of even date, the Court finds that communications between Diversified and VHU after April 29, 2016, that are related to any payments made by VHU to Diversified are relevant and discoverable. Amazon does not, however, have a right to broad ranging discovery regarding the way in which the putative adverse parties choose to protect their respective interests in this litigation. Diversified's motion for protective order is GRANTED in part and DENIED in part as to Document Request No. 2.

**B. Document Requests Nos. 5 and 8**

Diversified argues that documents regarding its receipt of funds related to the services VHU provided to Amazon are irrelevant. The Court disagrees. Payment information will help establish the amount actually due and owing under the notice of assignment. To the extent that Amazon needs information from VHU detailing its financing, payment, and charge back arrangement with Diversified in order to accurately calculate what has already been paid and what is outstanding, the documents are relevant. Diversified argues that the Uniform

ORDER GRANTING IN PART MOTION
FOR PROTECTIVE ORDER                    -3-

Commercial Code gives it a right to double recovery, making evidence of payment from VHU irrelevant. That issue has not been argued or resolved in this case, and Amazon will have the opportunity to develop facts in support of its legal theory.

For all of the foregoing reasons, Diversified's motion for protective order is GRANTED in part. Production in response to Document Request 2 is hereby limited to communications between Diversified and VHU after April 29, 2016, that are related to any payments made by VHU to Diversified.

Dated this 23rd day of March, 2017.

Robert S. Lasnik
United States District Judge

ORDER GRANTING IN PART MOTION
FOR PROTECTIVE ORDER            -4-