UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| DIVERSIFIED LENDERS, LLC,<br><br>    Plaintiff,<br><br>    v.<br><br>AMAZON LOGISTICS, INC., and VERTICAL HOLDINGS UNLIMITED, LLC,<br><br>    Defendants. | Cause No. C16-1232RSL<br><br>ORDER DENYING MOTION TO COMPEL |
| AMAZON LOGISTICS, INC.,<br><br>    Cross-Claim Plaintiff,<br><br>    v.<br><br>VERTICAL HOLDINGS UNLIMITED, LLC,<br><br>    Cross-Claim Defendant. | |

This matter comes before the Court on "Plaintiff Diversified Lenders, LLC's Motion to Compel Defendant Amazon Logistics, Inc. to Provide a Better Response to Interrogatory No. 5, Motions to Preclude Defendant from Utilizing Fed. R. Civ. P. 33(d) in Lieu of Responding to Interrogatories, and Request for Sanctions." Dkt. # 73. In this litigation, plaintiff seeks to recover amounts due on 73 separate invoices that it alleges are outstanding and unpaid. Dkt. # 67 at ¶ 13.

ORDER DENYING MOTION TO COMPEL

In its answer to the Amended Complaint, defendant denied that the specified invoices were legitimate or accurate. Dkt. # 76 at ¶ 13. Plaintiff served a single interrogatory asking for all facts which support the "denial of paragraph 13 of the Complaint, including without limitation, which invoices Amazon contends are not legitimate, which invoices Amazon contends are not accurate, what information contained on the invoices is not accurate" and copies of all documents that support the response. Dkt. # 73-1 at 13.

Pursuant to Fed. R. Civ. P. 33(a), a party "may serve on any other party no more than 25 written interrogatories, including all discrete subparts." The 1993 Advisory Committee Notes explains that the rule is intended to prohibit parties from "joining as 'subparts' questions that seek information about discrete separate subjects," but suggests that a single inquiry seeking information about, for example, particular types of communications counts as only one interrogatory even though a complete response will require numerous statements of fact regarding the time, place, participants, and content of the communication. Courts have formulated various tests for determining when subparts are actually a separate interrogatory. Interrogatory subparts are counted as a single interrogatory if "they are logically or factually subsumed within and necessarily related to the primary question." Safeco of Am. v. Rawstron, 181 F.R.D. 441, 445 (C.D. Cal. 1998). "A single question asking for several bits of information related to the same topic counts as one interrogatory. (E.g., 'State the name, address and telephone number of each person present at the meeting.')" Hasan v. Johnson, No. 1:08-cv-00381-GSA-PC, 2012 WL 569370, at *4 (E.D. Cal. Feb. 21, 2012). If, however, the interrogatory poses a question that can be answered fully and completely without answering the second question, then the subparts are discrete. Walech v. Target Corp., No. C11-0254RAJ, 2012 WL 1068068, at *3 (W.D. Wash. Mar. 28, 2012); Estate of Manship v. U.S., 232 F.R.D. 552, 555 (M.D. La. 2005). Similarly, an inquiry requesting the same information regarding

ORDER DENYING MOTION TO COMPEL      -2-

disparate claims, defenses, or events counts as multiple interrogatories. Jovanovich v. Redden Marine Supply, Inc., No. C10-0924RSM, 2011 WL 4459171, at *3 (W.D. Wash. Sept. 26, 2011); Collaboration Props., Inc. v. Polycom, Inc., 224 F.R.D. 473, 475 (N.D. Cal. 2004). "Since many of these formulations are difficult to apply or perhaps even conflicting, some courts have taken a 'pragmatic approach,' looking to see if an interrogatory threatens the purpose of Rule 33 by combining into one interrogatory several lines of inquiry that should be kept separate." Paananen v. Cellco Partnership, 2009 WL 3327227, at *2 (W.D. Wash. Oct. 8, 2009) (citing Willingham v. Ashcroft, 226 F.R.D. 57, 59 (D.D.C. 2005), and Banks v. Office of Senate Sergeant-at-Arms, 222 F.R.D. 7, 10 (D.D.C. 2004)).

With these evaluative tools in mind, the Court finds that Interrogatory No. 5 contains 73 discrete subparts. With regards to each of the 73 contested invoices, plaintiff wants to know whether Amazon contends that the invoice is illegitimate or inaccurate, what information in each invoice is inaccurate, and a narrated list of all of the documents Amazon relied upon in reaching its determination.[1] Defendant would have to perform a separate document review, analysis, and response for each of the 73 invoices. In the language of the cases cited above, plaintiff is essentially requesting the same information regarding disparate transactions, and a complete answer regarding Invoice # 1014, for example, could be provided without addressing the problems with or documents related to Invoice # 1047.

Plaintiff argues that its interrogatory should be counted as one interrogatory because "it is a simple and straightforward request for the facts supporting Amazon's denial of a single paragraph [] in Diversified's Complaint . . . ." Dkt. # 80 at 5. Under this theory of Rule 33(a), a

---

[1] The relief plaintiff seeks in this motion exceeds any plausible reading of Interrogatory No. 5, which asks defendant to "Identify each and every Document and/or ESI that You have relied upon in support of Your answer to this Interrogatory." Dkt. # 73-1 at 13. Because Interrogatory No. 5 asks about all 73 invoices, identifying the relevant documents en masse was an appropriate response.

ORDER DENYING MOTION TO COMPEL    -3-

party would be able to avoid the limits on the number of interrogatories as long as it could formulate a single, overarching question regardless of how many discrete subtopics are contained within it. The fact that plaintiff identified 73 different invoices in ¶ 13 of the complaint and could pose questions by reference to that paragraph number does not change the fact that it is asking a series of questions regarding each of those separate and distinct invoices.

Absent a stipulation or order of the Court permitting more than 25 interrogatories, defendant objected to Interrogatory No. 5 as unauthorized and unduly burdensome. These objections are well-taken, and Amazon would have been within its rights to provide the requested information as to only sixteen of the contested invoices.[2] Instead, Amazon provided all documents related to the 73 invoices in a text searchable format, including all versions of the invoices and related correspondence. It also supplied summary spreadsheets that state how Amazon coded the invoice ("Canceled," "On Hold," "Double Paid," *etc.*) and that provide notes regarding each. With regards to Invoice # 1047, for example, the spreadsheet indicates that it was "Double Paid" and "PAID TWICE: Week 33 already double paid via invoices 1041 (9/9/2015) and 1044 (9/11/2015)." Dkt .# 78 at 25. No more is required under Rule 33. To the extent plaintiff had questions regarding the meaning of certain phrases or was unable to follow the notes through the documents provided, defense counsel and defendant's Rule 30(b)(6) witness were available to assist. Defendant's willingness to provide a substantive, non-burdensome response does not constitute a waiver, nor will it be compelled to create a separate narrative for 73 transactions under the guise of a single interrogatory.

For all of the foregoing reasons, plaintiff's motion to compel, to preclude, and for

---

[2] Plaintiff's first set of interrogatories contained nine questions. Dkt. # 73-1 at 7-17.

sanctions is DENIED.

Dated this 20th day of June, 2017.

*Robert S. Lasnik*
Robert S. Lasnik
United States District Judge

ORDER DENYING MOTION TO COMPEL    -5-