UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

DIVERSIFIED LENDERS, LLC,

    Plaintiff,

v.

AMAZON LOGISTICS, INC., and VERTICAL HOLDINGS UNLIMITED, LLC,

    Defendants.

AMAZON LOGISTICS, INC.,

    Cross-Claim Plaintiff,

v.

VERTICAL HOLDINGS UNLIMITED, LLC,

    Cross-Claim Defendant.

Cause No. C16-1232RSL

ORDER GRANTING MOTION TO AMEND ANSWER

This matter comes before the Court on defendant's "Motion to File Amended Answer, Defenses, and Cross-Claim to Diversified Lenders, LLC's Amended Complaint." Dkt. # 84. Defendant seeks to amend its answer to add defenses for account stated and accord and satisfaction.

Courts "should freely give leave [to amend] when justice so requires." Fed. R. Civ. P.

ORDER GRANTING MOTION
TO AMEND ANSWER

15(a)(2). There is a "strong policy in favor of allowing amendment" (Kaplan v. Rose, 49 F.3d 1363, 1370 (9th Cir. 1994)), and "[c]ourts may decline to grant leave to amend only if there is strong evidence of undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, or futility of amendment, etc." Sonoma County Ass'n of Retired Employees v. Sonoma County, 708 F.3d 1109, 1117 (9th Cir. 2013) (internal quotation marks and alterations omitted).

Plaintiff argues that the motion should be denied because defendant should have added these defenses earlier in the litigation and to do so now would cause undue difficulty in prosecuting the litigation. Plaintiff filed an amended complaint on March 15, 2017, and the Court extended the case management deadlines pursuant to the stipulation of the parties. The deadline for amending pleadings was May 10, 2017, and this motion was timely filed on that date. Absent additional evidence, no inference of undue delay, bad faith, or dilatory motive arises from these facts. If, as plaintiff suggests, these defenses would require additional discovery, the case management deadline provided a reasonable period to pursue whatever matters plaintiff deems "new." To the extent plaintiff is arguing that the proposed amendment would be futile, it has not shown that the defenses, if asserted, would immediately be subject to dismissal when challenged under Rule 12(b)(6). Nordyke v. King, 644 F.3d 776, 787 n.12 (9th Cir. 2011).

For all of the foregoing reasons, defendant's motion to amend its answer is GRANTED. Defendant may, within seven of the date of this Order, file an amended answer in substantially the form of Dkt. # 84.

Dated this 20th day of June, 2017.

*Robert S. Lasnik* (signature)
Robert S. Lasnik
United States District Judge